LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

PEDRO URAGA,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class*,

       Plaintiff,

       v.

AMICI 519 LLC d/b/a ESSEN,
BNP NY FOODS, INC. d/b/a ESSEN,
TEN WESTSIDE CORP. d/b/a ESSEN,
100 BROAD STREET LLC d/b/a ESSEN,
ESSEN22 LLC d/b/a ESSEN,
JOHN DOE CORP. d/b/a ESSEN,
JOHN BYUN and CHONG WON BYUN,

       Defendants.

_____

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Jury Trial Demanded

       Plaintiff, PEDRO URAGA ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, AMICI 519 LLC d/b/a/ ESSEN, BNP NY FOODS, INC. d/b/a ESSEN, TEN WESTSIDE CORP. d/b/a ESSEN, 100 BROAD STREET LLC d/b/a ESSEN, ESSEN22 LLC d/b/a ESSEN, JOHN DOE CORP. d/b/a ESSEN (collectively,

"Corporate Defendants"), JOHN BYUN and CHONG WON BYUN (collectively, "Individual Defendants," and together with Corporate Defendants, "Defendants") and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime compensation, (2) unpaid wages due to time shaving, (3) liquidated damages and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid overtime compensation, (2) unpaid wages due to time shaving, (3) statutory penalties, (4) liquidated damages and (5) attorneys' fees and costs.

3.      Plaintiff further alleges that he was deprived his statutory rights as a result of Defendants' unlawful discrimination practices pursuant to New York State Human Rights Law, New York Executive Law § 296 ("NYSHRL"), and New York City Human Rights Law, Administrative Code of the City of New York § 8-107 ("NYCHRL") and brings this action againt Defendants to recover (1) economic damages, (2) compensatory damages, (3) punitive damages and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

6.      Plaintiff PEDRO URAGA is a resident of Bronx County, New York.

7.     Defendants operate six restaurants under the common trade name "Essen" with addresses as follows:

(a)     519 8th Avenue, New York, NY 10018 ("Essen Midtown West Location");

(b)     290 Madison Avenue, New York, NY 10017 ("Essen Midtown East Location");

(c)     160 Varick Street, New York, NY 10013 ("Essen SoHo Location");

(d)     100 Broad Street, New York, NY 10004 ("Essen Financial District Location");

(e)     699 6th Avenue, New York, NY 10010 ("Essen Chelsea Location"); and

(f)     60 Madison Avenue, New York, NY 10010 ("Essen NoMad Location").

(collectively, "Essen Restaurants"). Defendants operate Essen Restaurants as a single integrated enterprise. Specifically, Essen Restaurants share common ownership and management, have a common business purpose, engage in interrelated operations, and have centralized control of labor relations. Essen Restaurants are commonly owned and operated by Individual Defendants JOHN BYUN and CHONG WON BYUN. Essen Restaurants share a common logo, share a common feel and look, and are advertised jointly on Defendants' website (http://www.essenfood.com). *See* Exhibit 1. Supplies and employees are interchangeable among Essen Restaurants. Essen Restaurants have menus that are almost identical. *See* Exhibit 2.

8.     Corporate Defendant AMICI 519 LLC d/b/a/ ESSEN is a domestic limited liability company organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 519 8th Avenue, New York, NY 10018. Defendants operate Essen Midtown West Location through AMICI 519 LLC.

9.      Corporate Defendant BNP NY FOODS, INC. d/b/a ESSEN is a domestic business corporation organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 290 Madison Avenue, New York, NY 10017. Defendants operate "Essen Midtown East Location" through BNP NY FOODS, INC.

10.     Corporate Defendant TEN WESTSIDE CORP. d/b/a ESSEN is a domestic business corporation organized under the laws of the State of New York, with a principle place of business located at 160 Varick Street, New York, NY 10013 and an address for service of process located at 10 Hudson Square, New York, NY 10013. Defendants operate "Essen SoHo Location" through TEN WESTSIDE CORP.

11.     Corporate Defendant 100 BROAD STREET LLC d/b/a ESSEN is a domestic limited liability company organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 100 Broad Street, New York, NY 10004. Defendants operate "Essen Financial District Location" through 100 BROAD STREET LLC.

12.     Corporate Defendant ESSEN22 LLC d/b/a ESSEN is a domestic limited liability company organized under the laws of the State of New York, with a principle place of business located at 699 6th Avenue, New York, NY 10010 and an address for service of process located at 695 6th Avenue, New York, NY 10010. Defendants operate "Essen Chelsea Location" through ESSEN22 LLC.

13.     Corporate Defendant JOHN DOE CORP. d/b/a ESSEN is a domestic business corporation organized under the laws of the State of New York, with a principle place of business at 60 Madison Avenue, New York, NY 10010. Defendants operate "Essen NoMad Location" through JOHN DOE CORP.

4

14.     Individual Defendant JOHN BYUN is an owner and senior executive officer of Corporate Defendants. JOHN BYUN exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. JOHN BYUN had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to JOHN BYUN regarding any of the terms of their employment, and JOHN BYUN would have the authority to effect any changes to the quality and terms of employees' employment. JOHN BYUN regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. JOHN BYUN ensured that employees effectively serve customers and that the business is operating efficiently and profitably. JOHN BYUN exercised functional control over the business and financial operations of Corporate Defendants.

15.     Individual Defendant CHONG WON BYUN is an owner and senior executive officer of Corporate Defendants. CHONG WON BYUN exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. CHONG WON BYUN had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to CHONG WON BYUN regarding any of the terms of their employment, and CHONG WON BYUN would have the authority to effect any changes to the quality and terms of employees' employment. CHONG WON BYUN regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. CHONG WON BYUN ensured that employees effectively serve customers and that the business is operating efficiently

5

and profitably. CHONG WON BYUN exercised functional control over the business and financial operations of Corporate Defendants.

16.     At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

17.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including cooks, line cooks, food preparers, cashiers, counter persons, dishwashers, porters, cleaning persons and delivery persons) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

19.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them (i) proper overtime compensation at a rate of one and one-half times the regular rate and (ii) wages for all hours worked due to a policy of time shaving. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

20.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this

action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

21.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including cooks, line cooks, food preparers, cashiers, counter persons, dishwashers, porters, cleaning persons and delivery persons) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

22.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

23.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

24.     Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay proper overtime

compensation at a rate of one and one-half times the regular rate, (ii) failing to pay wages for all hours worked due to a policy of time shaving, (iii) failing to provide proper wage statements per requirements of the New York Labor Law, and (iv) failing to provide proper wage and hour notices per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

25.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

26.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation

claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

27.   Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

28.   There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)   Whether Defendants employed Plaintiff and Class members within the meaning of the New York law;

(b)   What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c)    At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class members for their work;

(d)    Whether Defendants properly notified Plaintiff and Class members of their regular hourly rate and overtime rate;

(e)    Whether Defendants failed to properly compensate Plaintiff and Class members the proper overtime compensation for hours worked over forty (40) per workweek;

(f)    Whether Defendants paid Plaintiff and Class members for all hours worked given Defendants' policy of time-shaving;

(g)    Whether Defendants provided proper wage statements to Plaintiff and Class members per requirements of the New York Labor Law; and

(h)    Whether Defendants provided proper wage and hour notices to Plaintiff and Class members per requirements of the New York Labor Law.

## STATEMENT OF FACTS

29.    From in or about January 2017 until on or about March 9, 2017, Plaintiff PEDRO URAGA was employed by Defendants to work as a porter for Defendants' "Essen Midtown West Location" located at 519 8th Avenue, New York, NY 10018.

30.    Throughout his employment with Defendants, Plaintiff PEDRO URAGA regularly worked more than forty (40) hours per week. Specifically, Plaintiff PEDRO URAGA was scheduled to work six (6) days per week for a total of fifty-two and a half (52½) hours as follows: (i) 9:30 A.M. to 6:00 P.M. from Tuesdays through Fridays, (ii) 9:30 A.M. to 7:00 P.M. on Saturdays, and (iii) 6:00 P.M. to 3:30 A.M. on Sundays. Based on Plaintiff PEDRO URAGA's direct observations and conversations with other employees at Essen Restaurants, all FLSA Collective Plaintiffs and Class members worked similar hours.

31.     Throughout his employment with Defendants, Plaintiff PEDRO URAGA was paid at a straight-time hourly rate of $11.00 per hour for all work hours for which he was paid, including hours in excess of forty (40) hours per week. Based on Plaintiff PEDRO URAGA's direct observations and conversations with other employees at Essen Restaurants, all FLSA Collective Plaintiffs and Class members were similarly paid at a straight-time hourly rate for all hours, including hours in excess of forty (40) hours per week.

32.     Plaintiff PEDRO URAGA was not properly compensated for all hours he actually worked due to Defendants' policy of time-shaving with respect to meal breaks. Specifically, Defendants indiscriminately and automatically deducted thirty (30) minutes per workday from Plaintiff PEDRO URAGA's payroll as meal breaks instead of tracking actual meal breaks with their readily available clock-in/out system. By doing so, Defendants categorically reduced Plaintiff PEDRO URAGA's compensable hours by three (3) hours per workweek. However, while being required to eat meals at the restaurant, Plaintiff PEDRO URAGA was "on-call" and worked through his meal breaks. Thus, the meal breaks were not free and clear breaks, and Plaintiff PEDRO URAGA must be compensated for such off-the-clock work. Further, even if Defendants were permitted to take out from payroll any time Plaintiff PEDRO URAGA spent on eating food while on call, Defendants, by deducting thirty (30) minutes per meal, deducted far more than the time Plaintiff PEDRO URAGA actually spent eating because Defendants did not track any such time. Such off-the-clock work must be compensated for by Defendants. Based on Plaintiff PEDRO URAGA's direct observations and conversations with other employees at Essen Restaurants, all FLSA Collective Plaintiffs and Class members similarly did not receive compensation for all hours they actually worked as they were subject to the same policy with respect to meal breaks.

33.     During the course of Plaintiff PEDRO URAGA's employment with Defendants, Defendants caused disparate treatment towards Plaintiff based on his national origin. The general manager of Essen Midtown West Location, Kevin [Last Name Unknown, hereinafter, "LNU"] routinely verbally abused Plaintiff, disparaging his Mexican nationality and referring to him as a "fucking Mexican." During the last month of Plaintiff's employment with Defendants, Kevin LNU grew increasingly abusive and hostile towards Plaintiff. Kevin LNU constantly yelled and cursed at Plaintiff in Kevin LNU's primary language, Korean. After months of enduring anguish and distress under Defendants' hostile work environment, Plaintiff was forced to leave his job on or about March 9, 2017.

34.     At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime compensation in violation of the FLSA and NYLL.

35.     At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class members similarly suffered from Defendants' failure to pay wages for all hours worked due to a time shaving policy with respect to meal breaks.

36.     At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper wage and hour notices or wage statements as required by NYLL.

37.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of one and one-half times the regular rate) or the New York State overtime rate (of one and one-half times the regular rate) to Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked in excess of forty (40) hours per week.

38.     Defendants knowingly and willfully operated their business with a policy of not paying wages for all hours worked due to a policy of time shaving.

39.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class members, in violation of the NYLL.

40.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff and Class members in violation of the NYLL.

41.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

42.     Plaintiff realleges and reavers Paragraphs 1 through 41 of this class and collective action Complaint as if fully set forth herein.

43.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

44.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

45.     At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

46.     At all relevant times, Defendants engaged in a policy and practice of failing to pay overtime compensation at the statutory rate of one and one-half times the regular rate to Plaintiff and FLSA Collective Plaintiffs for hours worked in excess of forty (40) hours per workweek.

47.     At all relevant times, Defendants engaged in a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked due to time shaving.

48.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs the full and proper regular and overtime wages when Defendants knew or should have known such was due.

49.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

50.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

51.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and overtime compensation, plus an equal amount as liquidated damages.

52.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

53.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

54.     Plaintiff realleges and reavers Paragraphs 1 through 54 of this class and collective action Complaint as if fully set forth herein.

55.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

56.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them for all hours worked due to a policy of time shaving.

57.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

58.     Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiff and Class members, as required by New York Labor Law § 195(1).

59.     Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class members with every wage payment, as required by New York Labor Law § 195(3).

60.     Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid wages due to time shaving, unpaid overtime compensation, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

## COUNT III

## VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

61.     Plaintiff realleges and reavers Paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62.     Plaintiff is an employee and a qualified person within the meaning of the NYSHRL and Defendants are covered employers under the NYSHRL.

63.     Defendants violated Plaintiff's statutory protected rights under the NYSHRL, New York Executive Law § 296, by engaging in discriminatory employment practices and subjecting Plaintiff to a hostile work environment based on his national origin.

64.     Defendants' conduct was intentional, malicious, willful or in reckless disregard of Plaintiff's protected rights under the NYSHRL.

65.     As a result of Defendants' unlawful employment practice, Plaintiff sustained injury, including economic damages, the past and future emotional distress, and the costs of bringing this action.

66.     Due to Defendants' violation under the NYSHRL, based on discrimination on the basis of national origin, Plaintiff is entitled to recover from Defendants: (1) an injunction ordering Defendants to cease its discriminatory practices as described herein; (2) economic damages; and (3) compensatory damages.

## COUNT IV

## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

67.     Plaintiff realleges and reavers Paragraphs 1 through 66 of this Complaint as if fully set forth herein.

68.     Plaintiff is an employee and a qualified person within the meaning of the NYCHRL and Defendants are covered employers under the NYCHRL.

69.     Defendants violated Plaintiff's statutory protected rights under the NYCHRL, Administrative Code of the City of New York § 8-107, by engaging in discriminatory employment practices and subjecting Plaintiff to a hostile work environment based on his national origin.

70.     Defendants' conduct was intentional, malicious, willful or in reckless disregard of Plaintiff's protected rights under the NYCHRL.

71.     As a result of Defendants' unlawful employment practice, Plaintiff sustained injury, including economic damages, the past and future emotional distress, and the costs of bringing this action.

72.     Due to Defendants' violation under the NYCHRL based on sexual harassment and discrimination on the basis of national origin, Plaintiff is entitled to recover from Defendants: (1) economic damages; (2) compensatory damages; (3) punitive damages; and (4) attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b.     A declaratory judgment that the practices complained of herein are unlawful under the NYSHRL and NYCHRL;

c.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d.    An award of unpaid wages caused by time shaving due under the FLSA and NYLL;

e.    An award of unpaid overtime compensation due under the FLSA and NYLL;

f.    An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

g.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages for all hours worked and overtime compensation, pursuant to the FLSA;

h.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages for all hours worked and overtime compensation, pursuant to the NYLL;

i.    An order awarding relief for Defendants' discriminatory conduct, including but not limited to economic, compensatory and punitive damages;

j.    An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k.    Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

l.    Designation of this action as a class action pursuant to F.R.C.P. 23;

m.    Designation of Plaintiff as Representative of the Class; and

n.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:   May 11, 2017                    Respectfully submitted,

                                      By:     */s/ C.K. Lee*
                                              C.K. Lee, Esq.

                                              LEE LITIGATION GROUP, PLLC
                                              C.K. Lee (CL 4086)
                                              Anne Seelig (AS 3976)
                                              30 East 39th Street, Second Floor
                                              New York, NY 10016
                                              Tel.: (212) 465-1188
                                              Fax: (212) 465-1181

                                              *Attorneys for Plaintiff, FLSA Collective Plaintiffs*
                                              *and the Class*