**Jonathan J. Lerner, Esq.**
**Nicholas Stevens, Esq.**
**STARR, GERN, DAVISON & RUBIN, P.C.**
**105 Eisenhower Parkway, Suite 401**
**Roseland, NJ  07068**
**P: (973) 403-9200**
**F: (973) 226-0031**
**Attorneys for Defendants**

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **PEDRO URAGA, on behalf of himself, and FLSA Collective Plaintiffs and the Class,** | **Civil Action No. 1:17-cv-3547-ALC** |
| **Plaintiff,** | **Civil Action** |
| **-against-** | |
| **AMICI 519 LLC d/b/a ESSEN, et al.,** | |
| **Defendants** | |

### DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

## TABLE OF CONTENTS

INTRODUCTION..........................................................................................................1

STATEMENT OF FACTS.........................................................................................2

LEGAL ARGUMENT ................................................................................................3

   POINT I - PLAINTIFF IS NOT A MEMBER OF THE PURPORTED CLASS AND,
   THUS, DOES NOT MEET THE MOTION'S REQUIREMENTS .....................................3

      A.  The Conditional Certification Standard. ...................................................3

      B.  The Allegation That Defendants Are a Single Integrated Enterprise Is a Legal
      Conclusion with No Factual Support. .........................................................4

      C.  Plaintiff Is Not "Together With" Or "Similarly Situated" With the Purported
      Class of Plaintiffs...........................................................................................5

   POINT II - PLAINTIFF'S CLAIM FOR VIOLATION OF THE WAGE NOTICE LAW
   CANNOT BE CONDITIONALLY CERTIFIED BECAUSE HE RECEVED HIS WAGE
   NOTICE.......................................................................................................................7

CONCLUSION ...........................................................................................................8

CERTIFICATE OF SERVICE ................................................................................8

i

## INTRODUCTION

Defendants respectfully submit this brief in opposition to plaintiff's motion for conditional certification. In opposition, defendants also rely on their moving brief and reply brief in support of their previously submitted motion to dismiss the complaint for failure to state a claim upon which relief can be granted.  Oral argument is requested.

Plaintiff sues five separate business entities and two alleged owners of all of them for federal and state wage violations.  However, plaintiff is not entitled to conditional certification. First, he does not, and cannot, provide a factual basis for his legal conclusion that defendants are a single integrated employer, as required by Rule 12(b)(6).  Second, he has no standing to represent a class of employees allegedly subject to integrated employment circumstances because he was not one of them. He worked only for Amici 519, LLC, and only for a few weeks.

In addition, plaintiff alleges that "defendants" did not provide him with the wage notice, as required by New York Labor Law § 195(1). (Complaint, p. 15, ¶ 58.) However, plaintiff signed his wage notice.  Therefore, that claim should not be conditionally certified.

## STATEMENT OF FACTS

Defendants refer to the Class and Collective Action Complaint ("Complaint") (ECF #1). Plaintiff alleges in a conclusory, boilerplate, legal conclusion that the five business entities defendants are a "single integrated employer."  (Ex. A, p. 3, ¶ 7.) However, because plaintiff worked for only one entity for ten or eleven weeks (*Id*., p. 10, ¶ 29), he has no direct knowledge to support that legal conclusion with factual allegations, and he is not a representative of the purported class of employees who allegedly worked for a single integrated employer.  He also received his wage notice.  (See defendants' Rule 12(b)(6) motion.)

## LEGAL ARGUMENT

### POINT I

### PLAINTIFF IS NOT A MEMBER OF THE PURPORTED CLASS AND, THUS, DOES NOT MEET THE MOTION'S REQUIREMENTS.

#### A.  The Conditional Certification Standard.

While the prevailing jurisprudence in the Second District is to apply a lenient evidentiary standard to conditional certification, there are certain "minimal" requirements.  See *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368–69 (S.D.N.Y. 2007) "[P]laintiffs need only make 'a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" Doucoure v. Matlyn Food, Inc., 554 F.Supp.2d 369, 372 (E.D.N.Y.2008) (Emphasis added).  See also, *Realite v. Ark Restaurants Corp.*, 7 F.Supp.2d 303, 306 (S.D.N.Y.1998) (the plaintiff must only make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.") (Emphasis added); *Schwed v. General Electric Co.*, 159 F.R.D. 373, 375-76 (N.D.N.Y.1995) ("plaintiffs need only describe the potential class within reasonable limits and provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist") (Emphasis added).

However, "the modest factual showing cannot be satisfied simply by unsupported assertions."  *Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 514 (E.D.N.Y. 2011), quoting *Myers v. The Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010).   Rather, the Court must find some identifiable factual nexus which binds the named plaintiffs and potential class

members together as victims of a particular practice.  *Alvarez v. IBM Restaurants Inc.*, 839 F.

Supp. 2d 580, 584 (E.D.N.Y. 2012).

    Ass shown below, plaintiff has not sufficiently pled that defendants are a single

integrated enterprise, and he is not "together with" or "similarly situated" with the purported

class of plaintiffs.  Therefore, he is not entitled to conditional certification.

### B.  The Allegation That Defendants Are a Single Integrated Enterprise Is a Legal Conclusion with No Factual Support.

    Defendants rely on the arguments stated in Point I.B. of their moving brief and Point I of their

reply brief, supporting their Rule 12(b)(6) motion to dismiss.  In short, plaintiff simply regurgitates

the four legal conclusions in the Juarez case to allege that defendants are a single integrated

enterprise.   Under this test, the following is considered: (1) interrelation of operations, (2)

centralized control of labor relations, (3) common management, and (4) common ownership or

financial control." *Juarez v. 449 Rest., Inc.*, 29 F.Supp.3d 363, 370-371 (S.D.N.Y. 2014).    In

*Juarez*, Mr. Juarez alleged that he worked at three of the four "Moonstruck Diner" locations. *Id*.

at 365-366.  Here, Mr. Uraga worked at only one place called Essen, that owned by Amici 519

LLC.[1]  See In *Serrano v. I. Hardware Distributors, Inc.*, 14–cv–2488 (PAC), 2015 WL 4528170

at *1-*2 (S.D.N.Y. July 27,2015)

    In this action, to allege a SIE, the Complaint regurgitates only the four *Juarez* legal elements

above, and nothing more. (Complaint, ¶ 7.)   However, those are legal conclusions.   It is

---

[1] Per the DOL a horizontal joint employer relationship exists when an "employee has employment relationships with two or more employers and the employers are sufficiently associated or related with respect to the employee such that they jointly employ the employee." U.S. Department of Labor Wage and Hour Division, Administrator's Interpretation No 2016-1 (Jan. 20, 2016) (Emphasis added.). Whereas a vertical employment relationship may exist where the employee has a relationship with one employer, but the circumstances of employment demonstrate the employee is in fact providing services for another entity. *Id.*

4

understandable that plaintiff must rely on legal conclusions because he only worked at Amici 519 LCC, and only for about 10 or 11 weeks.  He has no knowledge of whether there are facts to support the above legal conclusions.

Therefore, conditional certification as to the defendants should be denied because plaintiff has not sufficiently pled that defendants are a SIE.

## C. Plaintiff Is Not "Together With" Or "Similarly Situated" With the Purported Class of Plaintiffs.

Defendants rely on the arguments stated in Point II of their moving brief and reply brief, supporting their Rule 12(b)(6) motion to dismiss. Using the standard for conditional certification, Mr. Uraga is not "together with" or "similarly situated" with the purported class of plaintiffs. Plaintiff only worked for one defendant, Amici 519 LLC.  (Ex. A, ¶s 8 and 29.)  Therefore, he did not suffer the same alleged injury the purported class members allegedly suffered, and therefore lacks standing to represent them. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982) ("We have repeatedly held that a class representative must be part of the class[.]") (internal quotation marks omitted); *Neale v. Volvo Cars of N. Am., LLC,* 794 F.3d 353, 368 (3d Cir. 2015) (it is "axiomatic" that a class representative must "possess the same interest and suffer the same injury as the class members").  Simply put, plaintiff is not a member of the class he purports to represent.

Courts routinely scrutinize plaintiffs' standing to assert proposed class claims early in litigation and prior to certification. *See, e.g.*, *In re The Celotex Corp.*, 496 F. App'x 3, 5–6 (11th Cir. 2012) (affirming dismissal of complaint when plaintiff did not allege that it had the same disputed property damage claims, or interest, as the class it purported to represent); *Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, No. CIV. 13–2664 ADM/SER, 2014 WL 943224, at *10

5

(D. Minn. Mar. 11, 2014), *aff'd*, 797 F.3d 538 (8th Cir. 2015) (granting motion to dismiss claims prior to class certification); *Chin v. Gen. Mills, Inc.*, Civil No. 12–2150 (MJD/TNL), 2013 WL 2420455, at *3 (D. Minn. June 3, 2013) (granting motion to dismiss certain claims in a putative class action and noting that "other courts routinely dismiss claims in consumer class actions that attempt to seek relief relating to products that the named plaintiffs have not purchased"); *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) (affirming dismissal and noting that "[w]here it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings."). Indeed, the Supreme Court has stated that "[i]n an era of frequent litigation, class actions, sweeping injunctions with prospective effect, and continuing jurisdiction to enforce judicial remedies, courts must be more careful to insist on the formal rules of standing, not less so." *Arizona Christian School Tuition Organization v. Winn*, 131 S. Ct. 1436, 1449 (2011).

Under the FLSA, an "employer" is defined broadly "to include "any person acting directly or indirectly in the interest of an employer <u>in relation to an employee</u>." 29 U.S.C. § 203(d); *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 296, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985) (Emphasis added.)  The relevant provision of the FLSA, 29 U.S.C. § 203(g), defines "employ" as "to suffer or permit to work." An individual may simultaneously have multiple "employers" for the purposes of the FLSA, in which case, "all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the [FLSA]." 29 C.F.R. § 791.2(a); <u>See Also</u> *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir.2008); *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 66 (2d Cir.2003).

6

"The NYLL's definitions are nearly identical to the FLSA's." *Glatt v. Fox Searchlight Pictures Inc.,* 293 F.R.D. 516, 526 (S.D.N.Y.2013) (citing N.Y. Lab. Law § 2(7)). The NYLL defines "employer" to include "any person ... employing any individual in any occupation, industry, trade, business or service" or "any individual ... acting as employer." N.Y. Lab. Law. §§ 190(3), 651(6). District courts in the Second Circuit "have interpreted the definition of 'employer' under the New York Labor Law coextensively with the definition used by the FLSA." *Sethi v. Narod,* 974 F.Supp.2d 162, 188, 11–CV–2511 (MKB), 2013 WL 5453320, at *23 (E.D.N.Y. Sept. 30, 2013).

In this action, Mr. Uraga did not have an employment relationship with any defendant but for Amici 519 LLC.  He did not allegedly possess the same interest and suffer the same injury as the purported class members.  As a result, he does not have standing to represent a class a to any defendant but for Amici 519 LLC.  His motion for conditional certification should be denied.

## POINT II

**PLAINTIFF'S CLAIM FOR VIOLATION OF THE WAGE NOTICE LAW CANNOT BE CONDITIONALLY CERTIFIED BECAUSE HE RECEVED HIS WAGE NOTICE.**

Plaintiff alleges that defendants did not provide him with the wage notice, as required by New York Labor Law § 195(1). (Complaint, p. 15, ¶s 58 and 59.) However, plaintiff signed acknowledgement of receipt of both his wage notice.  (**Exhibit B** to defendants' Rule 12(b)(6) Moving Brief contains a copy of the wage notice signed by plaintiff Pedro Uraga.)[2]  Therefore, that claims must be dismissed and should not be certified.

---

[2] This Court may consider that document in deciding the motion because the allegations in the complaint are based upon it.  See *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 256 n.5 (3d Cir. 2004) ("a

**CONCLUSION**

As shown, plaintiff has not sufficiently pled that defendants are a single integrated enterprise, and he is not "together with" or "similarly situated" with the purported class of plaintiffs. He also fails to state a claim for a wage notice violation.  Therefore, defendants respectfully request that this Court deny plaintiff's motion for conditional certification.

**STARR, GERN, DAVISON & RUBIN, P.C.**
**One Penn Plaza, 31st Floor, Suite 3100**
**New York, NY 10119**
     **-and**
**105 Eisenhower Parkway, Suite 401**
**Roseland, NJ 07068-1640**
**Tel:**    **973.403.9200**
**Email:** jlerner@starrgern.com
**Attorneys for Defendants**

By: *s/ Jonathan J. Lerner*
       JONATHAN J. LERNER
         and
       NICHOLAS STEVENS,
       *pro hac vice* appearance

Dated: March 12, 2018

**CERTIFICATE OF SERVICE**

I certify that, on the date above, I caused to be electronically filed a true and correct copy of this brief with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

*s/ Jonathan J. Lerner*

---

'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss into one for summary judgment].'") (emphasis in original) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).