USDC SDNY
DOCUMENT ELECTRONICALLY
FILED
DOC#: _____
DATE FILED: 7-25-18

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

PEDRO URAGA, on behalf of himself, FLSA   :
Collective Plaintiffs and the Class,      :

    :

    :      **1:17-cv-03547 (ALC)**

        **Plaintiff,**  :

    -against-    :      **OPINION AND ORDER**

    :

AMICI 519 LLC D/B/A ESSEN, ET AL.,  :

    :

      **Defendants.**  :

-------------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

      Plaintiff Pedro Uraga brings this action against Defendants Amici 519 LLC d/b/a/ Essen,

BNP NY Foods, Inc. d/b/a Essen, Ten Westside Corp. d/b/a Essen, 100 Broad Street LLC d/b/a

Essen, Essen22 LLC d/b/a Essen, John Doe Corp. d/b/a ESSEN (collectively, "Corporate

Defendants"), John Byun and Chong Won Byun (collectively, "Individual Defendants," and

together with Corporate Defendants, "Defendants") under the Fair Labor Standards Act, New

York Labor Law, New York State Human Rights Law, and New York City Human Rights Law

to recover (1) unpaid overtime compensation; (2) unpaid wages due to time shaving; (3)

liquidated damages; (4) economic damages; (5) compensatory damages; (6) punitive damages,

and (7) attorneys' fees and costs.  29 U.S.C. § 201 *et seq.*; N.Y. Lab. Law § 195; N.Y. Exec. Law

§ 296; Admin. Code of the City of N.Y. § 8-107.

      Before the Court are Defendants' Motion to Dismiss and Plaintiff's Motion for

Conditional Certification.  ECF Nos. 37, 40.  Though not directly related, they are more

efficiently decided in one order due to considerable overlap in the arguments forwarded by

defense counsel.  In Defendants' Motion, Defendants move to dismiss the Complaint for failure

to state a claim as to all Defendants except Amici 519 LLC pursuant to Fed. R. Civ. P. 12(b)(6).

Defs.' Mot. Dismiss, ECF No. 37.

Plaintiff, on the other hand, moves for (1) conditional certification of the FLSA claim as

a representative collective action pursuant to 29 U.S.C. § 216(b)1 on behalf of Covered

Employees; (2) court-facilitated notice of this FLSA action to Covered Employees, including a

consent form (or opt-in form) as authorized by the FLSA; (3) approval of a proposed FLSA

notice (including Spanish translation) of this action and the consent form; (4) production in Excel

format of names, social security numbers, titles, compensation rates, dates of employment, last

known mailing addresses, email addresses and all known telephone numbers of all Covered

Employees within 10 days of Court approval of conditional certification; (5) posting of the

notice, along with the consent forms, at any time during regular business hours in Defendants'

restaurants where Covered Employees are employed; and (6) equitable tolling of the FLSA

statute of limitations until such time that Plaintiff is able to send notice to potential opt-in

plaintiffs. Pl.'s Mem. Supp. Mot. Conditional Collective Certification 1, ECF No. 41. For the

reasons set forth below, Defendants' motion to dismiss is **DENIED** and Plaintiff's motion for

conditional certification is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

Between January 2017 and March 2017, Plaintiff "was employed by Defendants to work

as a porter for Defendants' 'Essen Midtown West Location.'" Compl. ¶ 29, ECF No. 1. Plaintiff

claims that he regularly worked over forty hours a week; specifically, he was scheduled to work

six days a week for a total of fifty-two and half hours, for which he was paid at a straight-time

hourly rate. *Id.* at ¶¶ 30-31. Plaintiff also alleges that Defendants' maintained "a policy of time-

shaving with respect to meal breaks" and "indiscriminately and automatically deducted" thirty

minutes each workday from Plaintiff's payroll as meal breaks rather than tracking actual meal breaks. *Id.* at ¶ 32. Moreover, Plaintiff alleges that Defendants did not provide Plaintiff with proper wage and hour notices or wage statements. *Id.* at ¶ 36. Plaintiff asserts that other non-managerial employees at Essen Restaurants experienced similar issues based on his personal observations and conversations with these employees. *Id.* at ¶¶ 31-32; 34-35; *see also* Decl. of Pedro Uraga ("Uraga Decl.") ¶¶ 3-11, ECF No. 42.

Plaintiff further alleges that he experienced "disparate treatment . . . based on his national origin," noting that the general manager of Essen Midtown West "verbally abused Plaintiff, disparaging his Mexican nationality and referring to him as a 'fucking Mexican.'" *Id.* at ¶ 33. After months of allegedly "enduing anguish and distress under Defendants' hostile work environment, Plaintiff was forced to leave his job on or about March 9, 2017." *Id.* at ¶ 34.

Defendants seek to partially dismiss the Complaint for failure to state a claim as to all Defendants except Amici 519 LLC for three reasons. First, Plaintiff's Complaint does not sufficiently allege that the Defendants are a "single integrated enterprise," and the allegations against the Individual Defendants lack factual specificity. Second, Plaintiff only worked for one corporate entity, and thus, lacks standing to represent class members against Defendants. Third, Plaintiff has received his wage statements, thereby warranting dismissal of his claims based on violations of Wage Notice and Wage Statement laws. Defendants forward the same arguments, with the exception of the argument regarding Individual Defendants, in their opposition to Plaintiff's Motion for Conditional Certification.

## STANDARD OF REVIEW

I.    *Motion to Dismiss*

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), a

court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded

factual allegations to be true, and determine whether they plausibly give rise to an entitlement to

relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks

omitted).  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.

Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court's function on a motion to dismiss is "not to weigh the evidence that might be

presented at a trial but merely to determine whether the complaint itself is legally sufficient."

*Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).  The Court should not dismiss the

complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Moreover, "the tenet

that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of

a cause of action's elements, supported by mere conclusory statements." *Id*. at 663.

Finally, when presented with a Rule 12(b)(6) motion to dismiss, the Court may consider

"documents that are referenced in the complaint, documents that the plaintiff relied on in

bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when

bringing suit, or matters of which judicial notice may be taken." *Kaplan, Inc. v. Yun*, 16 F. Supp.

4

3d 341, 345 (S.D.N.Y. 2014) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).

II.     *Motion for Conditional Certification of FLSA Collective Action*

The Second Circuit has held FLSA plaintiffs seeking certification of a collective action pursuant to 29 U.S.C. § 216(b) must survive a two-stage process.[1] *See Myers v. Hertz Corp.*, 624 F.3d 537, 554-555 (2d Cir. 2010).  "This process entails an analysis of whether prospective plaintiffs are 'similarly situated' at . . . an early 'notice stage,' and again after discovery is largely complete." *Garcia v. Chipotle Mexican Grill, Inc.*, No. 16 CIV. 601 (ER), 2016 WL 6561302, at *3 (S.D.N.Y. Nov. 4, 2016) (citing *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012)).

At the "notice stage," which is the current stage of this litigation,[2] the "court makes 'an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred.'" *Id.* (quoting *Myers*, 624 F.3d at 555).  "The standard at the first stage is not stringent." *Rojas v. Kalesmeno Corp.*, No. 17 CIV. 0164 (JCF), 2017 WL 3085340, at *3 (S.D.N.Y. July 19, 2017).  Plaintiff

---

[1] Plaintiff asks the Court to disregard longstanding Second Circuit precedent regarding conditional certification in favor of a doctrine of permissive joinder as articulated in *Turner v. Chipotle Mexican Grill, Inc.*, 123 F. Supp. 3d 1300 (D. Colo. 2015).  Plaintiff's counsel has argued the same to various courts in other FLSA matters before courts in this district, who have found no reason to disturb Second Circuit precedent. *See, e.g., Gomez v. Terri Vegetarian LLC*, No. 17 Civ. 213, 2017 WL 2628880, at *1 n.1;  (S.D.N.Y. June 16, 2017); *Rojas v. Kalesmeno Corp.*, No. 17 CIV. 0164 (JCF), 2017 WL 3085340, at *2 n.1 (S.D.N.Y. July 19, 2017); *Huertero-Morales v. Raguboy Corp.*, No. 17 CIV. 2429 (JCF), 2017 WL 4046337, at *1 n.1 (S.D.N.Y. Sept. 12, 2017).  Accordingly, the Court joins other courts in this district and declines to apply *Turner*.

[2] Given the current posture of the litigation, the Court will not engage in an in-depth analysis of the second stage of the process. *Myers* provides an overview:

> At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact "similarly situated" to the named plaintiffs. The action may be 'de-certified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice.

624 F.3d at 555.

need only make a "'modest factual showing' based on the 'pleadings and affidavits' that the putative class members were 'victims of a common policy or plan that violated the law.'" *Fernandez v. Sharp Management Corp.*, No. 16 CV 551, 2016 WL 5940918, at *2 (S.D.N.Y. Oct. 13, 2016) (quoting *Cardenas v. AAA Carting*, No. 12 Civ. 7178, 2013 WL 4038593, at *1 (S.D.N.Y. Aug. 9, 2013)); *accord Bittencourt v. Ferrara Bakery & Cafe Inc.*, 310 F.R.D. 106, 111 (S.D.N.Y. 2015).

A plaintiff can make a "modest factual showing" with her own declarations or the declarations of other potential class members. *Trinidad v. Pret a Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 557-58 (S.D.N.Y. 2013). "Indeed, courts have granted motions for conditional certification where only one plaintiff submitted a declaration." *Rojas*, 2017 WL 3085340, at *3 (collecting cases). Although the burden is low, certification is not automatic—conclusory allegations are not sufficient. *Id.* (citing *Raniere v. Citigroup Inc.*, 827 F. Supp. 2d 294, 320 (S.D.N.Y. 2011), *rev'd on other grounds*, 553 Fed. Appx. 11 (2d Cir. 2013)) (citing *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 481 (S.D.N.Y. 2016)).

Finally, a court "need not evaluate the underlying merits of a plaintiff's claims to determine whether the plaintiff has made the minimal showing necessary for court-authorized notice," *Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819, 2006 WL 2853971, at *3 (S.D.N.Y. Oct. 5, 2006), nor "resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations," *Cunningham v. Electronic Data Systems Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010) (quoting *Lynch v. United Services Automobile Association*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)).

# DISCUSSION

## I.    Single Integrated Enterprise

In both their Motion to Dismiss and Opposition to Plaintiff's Motion for Conditional Certification, Defendants argued that Plaintiff has not sufficiently pled that Defendants are a "Single Integrated Enterprise."  The Court disagrees.

When assessing whether "distinct[,] but closely affiliated entities should be treated a single employer for FLSA purposes," district courts in this circuit have applied the "'single integrated enterprise' test," which considers "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 367 (S.D.N.Y. 2014) (collecting cases). In *Juarez*, the district court found a single integrated enterprise where the diners at issue were chain operated and owned by the same individual, maintained the same or similar décor, used the same or similar menus, required workers to wear the same uniform, and shared a website.  *Id.* at 368-69.

Plaintiff pleads similar facts here.  Plaintiff alleges that Defendants operate six restaurants with the common trade name "Essen," which have almost identical menus and have interchangeable supplies and employees.[3]  Compl. ¶¶ 2-3; 5, 7.  The restaurants also share a common logo, décor, and are advertised jointly on Defendants' website.  *Id.* at ¶ 7.  Plaintiff further pleads that the restaurants are owned and operated by Individual Defendants.  *Id.*  Taken together, Plaintiff's pleadings plausibly suggest the existence of a single integrated enterprise and thus overcomes Defendants' motion to dismiss the claims against the Corporate Defendants.

---

[3] Plaintiff further supports this pleading with the exhibits attached to its Opposition.  *See* Pl.'s Mem. Opp. Mot. Partial Dismissal Ex. B-C6, ECF Nos. 38-2-38-3.

7

These pleadings are also sufficient for the purposes of conditional certification. "Whether or not Defendants operated as a single enterprise is a complicated and fact-specific inquiry," which is not properly determined at the collective action certification stage. *Escamilla v. Uncle Paul's Pizza & Café Inc.*, No. 16 Civ. 6305, 2017 U.S. Dist. LEXIS 206731, at *11-13 (S.D.N.Y. May 18, 2017) (citing *Tiro v. Pub. House Investments, LLC*, 288 F.R.D. 272, 279 (S.D.N.Y. 2012)). Thus, the Court holds that, at this stage, Plaintiff has provided sufficient factual information to support their allegation that Defendants are a single integrated enterprise. Accordingly, Defendants' Motion to Dismiss as to all Corporate Defendants except Amici 519 is denied, and Defendants' first argument in opposition to conditional certification is unavailing.

## II.    Individual Defendants

Defendants' argument for dismissing claims against the Individual Defendants is equally unavailing. Defendants argue that Plaintiff's Complaint makes "conclusory legal conlusion[s]" that the Individual Defendants own the corporate entities and exercised control over the employment of Plaintiff and other class members. Defs.' Reply Supp. Mot. Dismiss 3, ECF No. 39. Therefore, Plaintiff's claims against the Individual Defendants must be dismissed.

Individual officers and owners of corporations can be deemed employers under the FLSA where they have "overall operational control of the corporation, possess[] an ownership interest in it, control[] significant functions of the business, or determine[] the employees' salaries and make[] hiring decisions." *Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184, 192 (S.D.N.Y. 2003) (citation omitted). In *Herman*, the Second Circuit found that a "shareholder and member of the board was an 'employer' under the FLSA where he had the authority to hire managerial staff, occasionally supervised and controlled employee work schedules, and had the

authority to sign payroll checks." *Id*. (citing *Herman v. RSR Security Services, Ltd.*, 172 F.3d 132 (2d Cir.1999)).

Here, Plaintiff has alleged that the Individual Defendants are senior executive officers of Corporate Defendants who (1) have the authority to affect changes to the terms of employees' employment, (2) who regularly visit restaurants and reprimand employees, and (3) who ensure that the business is operating efficiently and profitably. Compl. ¶ 7; 14-15, ECF No. 1. Drawing all reasonable inferences in favor of Plaintiff, the Complaint sufficiently pleads that the Individual Defendants exercised operational control and are therefore "employers" under the FLSA.

### III.   Plaintiff's "Standing" to Represent the Class

Defendants' argument that Plaintiff lacks "standing" to bring suit for the class he purports to represent because he was only employed by one Corporate Defendant is confused at best. Defendants forward this argument both as a basis to dismiss the complaint as to all Defendants except Amici 519 and in opposition to conditional certification.

At the outset, standing is a question of whether (1) a plaintiff has "suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) [whether] the injury is fairly traceable to the challenged action of the defendant; and (3) [whether] it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.* (TOC), Inc., 528 U.S. 167 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992)).

Defendants' argument that Plaintiff does not have standing to represent the class because he only worked at one location is unavailing. Defendant concedes that Plaintiff has standing to bring a claim against at least one Corporate Defendant, but not as to the remaining defendants.

But, as held above, Plaintiff has sufficiently pled the existence of a single integrated enterprise, and that Individual Defendants are employers for the purposes of the FLSA.  Therefore, Plaintiff has standing to bring claims against all Defendants.

Though couched in terms of "standing," Defendants argument is more appropriately framed as a challenge to conditional certification, i.e., Plaintiff is not similarly situated with other potential class members and thus, conditional certification must be denied.  Even with this generous reading, Defendants' argument lacks merit.  As previously discussed, at the "notice stage" of the litigation, Plaintiff need only make a modest factual showing that he and other putative class members were victims of a common policy or plan that violated the law; a single affidavit is sufficient to make such a showing.

Here, Plaintiff has filed an affidavit, which references conversations with at least twelve co-workers who corroborated that (1) Essen employees were being paid straight time even for overtime hours; (2) that Defendants automatically deducted 30 minutes per workday from payroll for non-managerial employees rather than tracking the length of actual breaks taken; and (3) that lunch breaks were not actual breaks as employees had to eat at the restaurant and were required to be "on call."  Uraga Decl. ¶¶ 3-9, ECF No. 42.  At this stage of the litigation, Plaintiff's allegations meet the standard for conditional certification of an FLSA collective action.  In other words, Plaintiff has made a modest factual showing that he and others similarly situated were victims of a common policy that potentially violates the law.

**IV.    Wage Notice and Wage Statements**

Lastly, Defendants' argue that Plaintiff's cause of action based on N.Y. Lab. Law §§ 195(1) and 195(3) should be dismissed because Plaintiff was provided with his wage notice and wage statement for which he signed an acknowledgement of receipt.  Plaintiff counters that

Defendants' wage notice was deficient because it does not include information required under § 195(1) namely, other names used for the business, the time the notice was given, allowances taken as part of the minimum wage, regular payday, and preparer name and title.  Pl. Mem. Opp. Mot. Partial Dismissal 15-16, ECF No. 38.  Regarding the wage statements, Plaintiff notes that Defendants' statements were actually time summaries, but even if they were not, they were deficient because they did not include the name, address, or phone number of Plaintiff's employer, deductions, or the allowances claimed as part of the minimum and net wages as required under § 195(3).  *Id.* at 16-17.  The Court agrees with Plaintiff's contention and denies Defendants' motion to the dismiss Plaintiff's claims brought under N.Y. Lab. Law §§ 195(1) and 195(3).

Defendants also make this argument in their opposition to Plaintiff's Motion for Conditional Certification, but this does not provide a basis for denying conditional certification. Moreover, these claims were brought under state rather than federal law, and thus are independent of the claims that Plaintiff intends to bring via collective action.  *See* Pl. Reply Supp. Mot. Conditional Certification 10, ECF No. 46.

## V.      Conditional Certification

As Plaintiff has met the minimal burden required for conditional certification, and Defendant has not provided compelling reasons to deny Plaintiff's motion, Plaintiff's motion for conditional certification of the FLSA collective action is granted.  The Court will now take up the specific requests that Plaintiff made in connection with his Motion for Conditional Certification.

1. *Discovery*

Plaintiff requests that the Court compel Defendants to produce the names, social security numbers, titles, compensation rates, last known mailing addresses, e-mail addresses, all known telephone numbers, and dates of employment of all non-exempt employees employed by Defendants at each of their restaurants within the last six years. Plaintiff's request is granted as to all information sought except social security numbers as "such information is private and not necessary for Plaintiff to notify potential opt-in plaintiffs." *Escamilla v. Uncle Paul's Pizza & Café Inc.*, No. 16 Civ. 6305, 2017 U.S. Dist. LEXIS 206731 (S.D.N.Y. May 18, 2017) (citing *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 60 (S.D.N.Y. 2009)).

2. *Notice and Consent Form*

Plaintiff seeks Court approval for the content of the collective notice form. Under governing law, "the contents of a proposed notice under § 216(b) . . . [are] left to the broad discretion of the trial court." *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989)). Defendants did not raise any concerns with the proposed notice.

The only issue the Court finds with the proposed notice form is that it includes a six year notice period. Per the FLSA, a potential plaintiff has two years from the date of the claim accrued to file a complaint, or three years if the cause of action arises out of a willful violation. 29 U.S.C. § 255(a); *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 141 (2d Cir. 1999). A six year statute of limitation applies to claims brought under New York Labor Law. N.Y. Lab. Law § 198. As Plaintiff is currently pursuing an FLSA collective action alleging a willful violation of the FLSA, which does not include state law claims unlike a Rule 23 class action, the Court holds that a three year limitations period is appropriate for the notice form at this time and better serves

judicial efficiency. *See Escamilla*, No. 16 Civ. 6305, 2017 U.S. Dist. LEXIS 206731 (holding

that a three year limitation period is appropriate where (1) it is speculative whether plaintiff can

satisfy Rule 23 certification; (2) there is a "chance of confusion to the putative collective;" and

(3) due to the "minimal proof supporting conditional certification" coupled with the chance of

decertification at a later stage); *see also, Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d

545, 564 (S.D.N.Y. 2013) (finding three year limitation period was appropriate for a notice

form).

Accordingly, the Court approves the proposed notice form with the exception of the six

year limitations period.  At this stage, the notice form's limitation period should be three years.

Additionally, the Court holds that the form may also be translated into Spanish to increase the

likelihood of adequate notice to the putative class members.

3.  *Equitable Tolling*

Finally, Plaintiff requests that the Court toll the limitations period until Plaintiff is able to

send notice to opt-in plaintiffs.  The Supreme Court has held that "a litigant seeking equitable

tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way." *Contrera v. Langer*,

278 F. Supp. 3d 702, 723 (S.D.N.Y. 2017) (quotations omitted) (collecting cases).  "The Second

Circuit has repeatedly cautioned that 'equitable tolling is considered a drastic remedy applicable

only in rare and exceptional circumstances.'" *Id.* (collecting cases).

Here, Plaintiff has not demonstrated that there are any extraordinary circumstances

warranting tolling in this matter.  Though it appears that Plaintiff has been diligently pursuing his

rights, absent extraordinary circumstances, this is not sufficient.  Should equitable tolling issues

arise as to an opt-in plaintiff after conditional certification, e.g., if Defendants argue that an

individual plaintiff's action is untimely, the Court will then consider tolling. *See Escamilla*, No. 16 Civ. 6305, 2017 U.S. Dist. LEXIS 206731 (citing *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y.2013)).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Complaint is hereby **DENIED** and Plaintiff's Motion for Conditional Certification is **GRANTED** in part and **DENIED** in part as outlined in this order.


**SO ORDERED.**


Dated: July 25, 2018
      New York, New York

                                    ANDREW L. CARTER, JR.
                                    United States District Judge