USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/02/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PEDRO URAGA, *on behalf of himself, FLSA Collective Plaintiffs and the Class,*

          **Plaintiff,**

-against-

AMICI 519 LLC d/b/a ESSEN, BNP NY FOODS, INC. d/b/a ESSEN, TEN WESTSIDE CORP. d/b/a ESSEN, 100 BROAD STREET LLC d/b/a ESSEN, ESSEN22 LLC d/b/a ESSEN, JOHN DOE CORP. d/b/a ESSEN, JOHN BYUN and CHONG WON BYUN,

          **Defendants.**

---

1:17-cv-03547 (ALC)

<u>ORDER</u>

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Pedro Uraga brings suit against Defendants Amici 519 LLC, Essen22 LLC, 100 Broad Street LLC, BNP NY Foods, Inc., Ten Westside Corp., John Byun and Chong Won Byun (collectively, the "Defendants,"), alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). On September 9, 2019, Plaintiff filed unopposed motions for preliminary approval of class settlement. *See* Mot. Settlement, ECF Nos. 94, 97. The Court denied these motions without prejudice on November 22, 2019, finding that the agreements contained overbroad releases that affected the Named Plaintiff. *See* Order, November 22, 2019, ECF No. 100. On December 18, 2019, the Parties filed addenda to the previously submitted settlement agreements. *See* Joint Ltr., Ex. 1–2, ECF No. 101.

Of relevance, the addenda delete the overbroad releases contained in § 4.1(F) of the previously submitted Settlement Agreements, and replace it with the following language:

> Named Plaintiff . . . voluntarily releases and forever discharges Releases of and from any claims for unpaid wages, and any claims for discrimination, including but not limited to any alleged violation of New York State Human Rights Law, New York Executive Law 296, New York City Human Rights Law, and Administrative Code of the City of New

York 8-108, including any claim for costs, fees, or other expenses, including attorneys' fees arising therefrom, based upon conduct occurring up to and including the date of Plaintiff's execution of this Agreement.

*Id.* § 2. The Court finds that the new release provisions as to Named Plaintiff are not overly broad. Having also reviewed the remainder of the proposed Settlement Agreements, the Court finds that "the proposed settlement appears to fall within the range of possible approval." *Almonte v. Marina Ice Cream Corp.*, No. 16-CV-00660, 2016 WL 7217258, at *2 (S.D.N.Y. Dec. 8, 2016) (quoting *Gonqueh v. Leros Point To Point, Inc.*, No. 14-CV-05883, 2015 WL 9256932, at *1 (S.D.N.Y. Sept. 2, 2015)). Accordingly, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness" and Plaintiff is **GRANTED** preliminary approval of the proposed Settlement Agreements. *In re Traffic Executive Ass'n-Eastern R.R.*, 627 F.2d 631, 634 (2d Cir. 1980).

Additionally, for the purposes of settlement only, the Court conditionally certifies Plaintiff's proposed class under Federal Rule of Civil Procedure 23 and Section 216(b) of the Fair Labor Standards Act. *See* Fed. R. Civ. P. 23; 29 U.S.C. § 216. The Court also finds that Plaintiff's proposed class notice satisfies Rule 23(c)(2)(B) and therefore Plaintiff is directed to disseminate notice and related material as described in the moving papers. The Court will hold a Final Fairness Hearing on **April 15, 2020 at 2:00 p.m.** in Courtroom 1306 at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007.

Lastly, pursuant to Rule 23(g), C.K. Lee of Lee Litigation Group, who serves as Plaintiff's Counsel, is appointed as Class Counsel. The Court has no objection to Class Counsel retaining Arden Claims Service as the claims administrator.

SO ORDERED.

Dated: January 2, 2020
    New York, New York

_/s/ Andrew L. Carter, Jr._
ANDREW L. CARTER, JR.
United States District Judge