IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEDRO URAGA, *on behalf of himself, FLSA Collective Plaintiffs and the Class*, <br><br> Plaintiff, <br><br> v. <br><br> AMICI 519 LLC d/b/a ESSEN, BNP NY FOODS, INC. d/b/a ESSEN, TEN WESTSIDE CORP. d/b/a ESSEN, 100 BROAD STREET LLC d/b/a ESSEN, ESSEN22 LLC d/b/a ESSEN, JOHN DOE CORP. d/b/a ESSEN, JOHN BYUN and CHONG WON BYUN, <br><br> Defendants. | USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC#: _____ <br> DATE FILED: 9/16/2020 <br><br> No. 17-CV-03547 (ALC) <br><br> **ORDER WITH RESPECT TO ONLY DEFENDANTS MADISON 27 AVENUE CORP., TEN WESTSIDE CORP., MYONG BYUN, JOSEPHINE KIM, YOUNG CHOI, WILLIAM BYUN, and KYEONG T. HWANG** |

<u>ORDER GRANTING (1) PLAINTIFF'S UNOPPOSED MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT; (2) PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF CLASS REPRESENTATIVES' SERVICE AWARDS; (3) PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES</u>

The Parties entered into a final settlement totaling $900,000 on September 9, 2019 in a Settlement Agreement and Release (hereinafter "Settlement" or "Agreement") and Plaintiff filed for preliminary approval of the settlement on September 9, 2019, which for settlement purposes only Defendants did not oppose. Declaration of C.K. Lee in Support of Plaintiff's Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Lee Decl.") ¶ 21.

On November 22, 2019, this Court denied without prejudice Plaintiff's Motion for Preliminary Approval of Class Settlement, and ordered the Parties to submit a revised settlement agreement or a joint status report indicating their intent to pursue litigating this matter. Docket No.

100. On December 18, 2019, pursuant to such order, the Parties submitted a Joint Letter to this Court with an Addendum to Settlement Agreement and Release addressing the concerns expressed by this Court in regard to the Settlement. Docket No. 101. After such filing, on January 2, 2020, this Court entered an Order preliminarily approving the settlement on behalf of the Rule 23 class and FLSA collective set forth therein (the "Class" or the "Class Members"), conditionally certifying the settlement class, appointing Lee Litigation Group, PLLC as Class Counsel, appointing Arden Claims Service LLC as Settlement Administrator, and authorizing notice to all Class Members (the "Preliminary Approval Order"). Docket No. 102.

On March 31, 2020, Plaintiff filed a Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Motion for Final Approval"), which for settlement purposes only Defendants did not oppose. That same day, Plaintiff also filed Motions for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and for a Service Award ("Motion for Service Award"). The motions were unopposed and Defendants did not object to the requests for attorneys' fees, costs, or service payments.

The Court held a fairness hearing on September 15, 2020. No Class Member objected to the settlement at the hearing.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees and Reimbursement of Expenses, the Motion for Service Award, and the supporting declarations, the oral argument presented at the September 15, 2020 fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the September 15, 2020 fairness hearing, and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over all Parties.

3. Pursuant to Rule 23, the Court confirms as final its certification of the Class for settlement purposes based on its findings in the Preliminary Approval Order and in the absence of any objections from Class Members to such certification.

4. Pursuant to 29 § U.S.C. 216(b), the Court approves the FLSA Settlement and certifies the collective class under the FLSA.

5. The Court confirms as final the appointment of Plaintiff Pedro Uraga as representatives of the Class, both under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

6. The Court likewise confirms as final the appointment of C.K. Lee of Lee Litigation Group PLLC as Class Counsel for the Class pursuant to Federal Rule of Civil Procedure 23 and for individuals who opted into the Litigation pursuant to 29 U.S.C. § 216(b).

7. The Court finds that the requirements of the Class Action Fairness Act, 28 U.S.C. §1715 (CAFA), have been satisfied. *See* 28 U.S.C. §1715(d), (e)(2); *see also In re Processed Egg Products Antitrust Litigation*, 284 F.R.D. 278, 287 n.10 (E.D.Pa. 2012) (granting final approval of the class action settlement after order of approval held in abeyance until the expiration of the 90-day notice period, and holding that "although the notice requirements under CAFA have not been fully met on a technical basis, the substance of the requirements have been satisfied insofar as giving federal and state officials sufficient notice and opportunity to be heard concerning the [settlement].") (citing *D.S ex rel. SS v. New York City Dep't of Educ.*, 255 F. R.D. 59, 80

(E.D.N.Y. 2008).

8. The Court finds that the Class Notice and Collective Notice given to Class Members pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

9. Pursuant to Rule 23(e), this Court hereby grants the Motion for Final Approval and finally approves the settlement as set forth therein. The Court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order. The Court specifically finds that the settlement is rationally related to the strength of Plaintiff's claims given the risk, expense, complexity, and duration of further litigation.

10. The Court finds that the proposed settlement is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiff's claims through factual and legal investigation. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

11. The settlement is also substantively fair. All of the factors set forth in *Grinnell*, which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). Therefore, the Court finds that the settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendants to withstand a greater judgment; and (7) that the Total Settlement Amount is within the

range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

13.   The Court also finds that the class' reaction to the settlement was positive, as no Class Member objected to the settlement.

13.   The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Class Members who did not timely opt out are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement.

14.   The Court hereby grants Plaintiff's Motion for Attorneys' Fees and awards Class Counsel the requested fees in its entirety, which is one-third of the Settlement Fund, which the Court finds to be fair and reasonable based on: (A) the number of hours worked by Class Counsel during the Litigation; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class Counsel's representation; (D) the complexity of the issues raised by the Litigation; (E) a lodestar cross check; and (F) Class Counsel's recognized experience and expertise in the market. The Court finds Class Counsel's hourly rates to be reasonable.

15.   The Court also awards Class Counsel reimbursement of their full litigation expenses and costs, which are expenses the Court finds were necessarily and reasonably incurred by Class Counsel in prosecuting the Litigation.   The attorneys' fees and the amount in reimbursement of litigation costs and expenses shall be paid from the Settlement Fund.

16.   The Court approves and finds reasonable the requested service award for Named Plaintiff PEDRO URAGA, in recognition of the services he rendered on behalf of the class. This amount shall be paid from the Settlement Fund, subject to the terms of the Parties' Settlement

Agreement and Release.

17.  The Court approves and finds reasonable the requested payment of the Settlement Administrator's fees, which shall be paid by or on behalf of Defendants, outside of and in addition to the Settlement Fund, according to the terms of the Parties' Settlement Agreement and Release.

18.  The Court hereby fully and finally dismisses this matter and Litigation in its entirety and with prejudice.  Neither party to this Litigation is or shall be considered a prevailing party.

19.  The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims.  Defendants in no way admit any violation of law or any liability whatsoever to Plaintiff and the Class, individually or collectively, all such liability being expressly denied by Defendants.

20.  The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds.  The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

It is so ORDERED this 16th day of September, 2020, in New York, NY.

_____
The Honorable Andrew L. Carter Jr.
United States District Judge